# DIVERSITY LAW GROUP
## A PROFESSIONAL CORPORATION

515 S. FIGUEROA STREET, SUITE 1250
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 488-6555
FACSIMILE (213) 488-6554

Sender's e-mail: sly@diversitylaw.com

September 8, 2023

Molly C. Dwyer
Clerk of the Court
United States Court of Appeals
For the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

> Re: <u>Johnson, Maria v. Lowe's Home Centers, LLC</u>
> 9th Circuit Case No. 22-16486
> Eastern District of California Case No. 2:21-cv-00087-TLN-JDP

To the Honorable Court:

Pursuant to the Court's August 18, 2023 Order, Plaintiff, Maria Johnson, submits this supplemental letter brief addressing the impact of *Adolph v. Uber Techs., Inc.*, 14 Cal. 5th 1104 (2023), on this appeal. As discussed below, *Adolph* supports reversal of both the order compelling arbitration of individual Labor Code Private Attorneys General Act of 2004 ("PAGA") claims and the order dismissing non-individual PAGA claims.

I. **Background**

Following the California Supreme Court's decision in *Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal. 4th 348 (2014), numerous courts held that employers may not require employees to "split" PAGA actions in a manner

that puts "individual" and "non-individual" components of a PAGA claim into bifurcated proceedings. *E.g., Perez v. U-Haul Co. of California*, 3 Cal. App. 5th 408, 420-21 (2016); *Williams v. Superior Court*, 237 Cal. App. 4th 642, 649 (2015). But in *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906 (2022) ("*Viking River*") the United States Supreme Court determined that, if an arbitration agreement permits for PAGA claims to be split into bifurcated proceedings, courts may enforce such agreements by their terms.

In *Viking River*, the United States Supreme Court also considered whether an aggrieved employee who has been compelled to arbitrate individual PAGA claims "premised on Labor Code violations actually sustained by" the plaintiff maintains statutory standing to pursue non-individual "PAGA claims arising out of events involving other employees." *Viking River*, 142 S. Ct. at 1916. *Viking River* concluded no.

In *Adolph*, the California Supreme Court considered the issue and concluded yes. As the California Supreme Court confirmed, to have PAGA standing, a plaintiff must be an "aggrieved employee"—that is, (1) "someone 'who was employed by the alleged violator'" and (2) "'against whom one or more of the alleged violations was committed.'" *Adolph*, 14 Cal. 5th at 1114 (quoting *Kim v. Reins International California, Inc.*, 9 Cal. 5th 73, 83 (2020), and Lab. Code § 2699(c)). Based on those statutory requirements, *Adolph* thus holds: "Where a

plaintiff has brought a PAGA action comprising individual and non-individual claims, an order compelling arbitration of the individual claims does not strip the plaintiff of standing as an aggrieved employee to litigate claims on behalf of other employees under PAGA." *Id.*

## II. Discussion

### A. *Adolph* Supports Reversal of the Order Compelling Arbitration of Private Attorney General Claims.

As discussed below, *Adolph* directly requires reversal of the District Court's order dismissing non-individual PAGA claims. But *Adolph* also supports reversal of the District Court's order compelling arbitration of individual PAGA claims.

#### 1. Categorical waivers of PAGA claims are still unenforceable.

As *Adolph* puts simply, "[i]n *Iskanian* [*v. CLS Transportation Los Angeles, LLC*, 59 Cal. 4th 348 (2014)], [the California Supreme Court] held that a predispute categorical waiver of the right to bring a PAGA action is unenforceable—a rule that *Viking River* [*Cruises, Inc. v. Moriana*, 142 S. Ct. 1906 (2022)] left undisturbed." *Adolph*, 14 Cal. 5th at 1117 (citations omitted).

Here, the Representative Action Waiver is an unenforceable categorical waiver of the right to bring a PAGA action. The terms of the Representative Action Waiver are clear: "there shall be no right or authority for any dispute to be arbitrated [i] as a representative action or [ii] as a private attorney general action."

ER-251 (Dkt-7-2, Ex. 4). Both before and after *Adolph*, the Representative Action Waiver is an unenforceable waiver of all private attorney general claims.

### 2. A private consensual agreement to categorical treatment of private attorney general claims must be enforced.

*Adolph* also acknowledges that *Viking River* held that "the FAA 'preempted' a separate state law rule that 'PAGA actions cannot be divided into individual and non-individual claims.'" *Adolph*, 14 Cal. 5th at 1115. But nothing in *Viking River* or *Adolph* precludes the parties to an arbitration agreement from requiring categorical treatment of private attorney general claims. Nor does anything in *Viking River* or *Adolph* permit a court to re-write an arbitration agreement that decides on categorical treatment of private attorney general claims. In sum, while a state law rule may not prevent PAGA actions from being divided into individual and non-individual claims, the terms of an arbitration agreement may preclude division.

As discussed above, the Representative Action Waiver is an unenforceable waiver of all private attorney general claims. Here, the relevant arbitration agreement's severability provision requires litigation of all private attorney general claims:

> [I]f a court of competent jurisdiction finds the Class Action Waiver and/or Representative Action Waiver unenforceable for any reason, then the unenforceable waiver provision shall be severable from this Agreement, and **any claims covered by any deemed unenforceable waiver provision may**

**only be litigated in a court of competent jurisdiction**, but the remainder of the agreement shall be binding and enforceable.

ER-252 (Dkt-7-2, Ex. 4) (emphasis added). The reason that the Representative Action Waiver is unenforceable is because it applies to all private attorney general claims. And, pursuant to the Parties' agreement, all private attorney general claims thus are "claims covered by any deemed unenforceable waiver provision [that] may only be litigated in a court of competent jurisdiction."

### B. *Adolph* Requires Reversal of the Order Dismissing Non-Individual PAGA Claims.

#### 1. *Adolph* establishes that Plaintiff has standing to litigate non-individual PAGA claims in court.

To the extent that the Court were to affirm the District Court's order compelling arbitration of some private attorney general claims, *Adolph* requires the Court to reverse the District Court's order dismissing the remaining non-individual private attorney general claims. On this point *Adolph* is determinative:

> [W]here a plaintiff has filed a PAGA action comprised of individual and non-individual claims, an order compelling arbitration of individual claims does not strip the plaintiff of standing to litigate non-individual claims in court.

*Adolph*, 14 Cal. 5th at 1123.

As Plaintiff has previously explained, California is not bound by the United States Supreme Court's interpretation of PAGA and its standing requirements. *Adolph*, 14 Cal. 5th at 1114. *Adolph* trumps *Viking River*.

### 2. Defendant repeats arguments considered and rejected by *Adolph*.

Although *Adolph* is clear that the District Court erred in dismissing non-individual claims, Defendant attempts to repeat arguments that were already considered and rejected by the California Supreme Court.

First, Defendant contends that *Adolph* runs afoul of *Viking River*, which supposedly requires "'an employee's own dispute' to be 'pared away from a PAGA action' and 'committed to a separate proceeding.'" 9th Dkt. 35.[1] But *Viking River* does not require an individual PAGA claim to be "committed to a separate proceeding" in a manner akin to a severance:

> Nothing in PAGA or any other relevant statute suggests that arbitrating individual claims effects a severance. When a case includes arbitrable and nonarbitrable issues, the issues may be adjudicated in different forums while remaining part of the same action. Code of Civil Procedure section 1281.4 states that upon "order[ing] arbitration of a controversy which is an issue involved in an action," the court should "stay the action." It further provides that "[i]f the issue which is the controversy subject to arbitration is severable, the stay may be with respect to that issue only." Section 1281.4 does not contemplate that the compelled arbitration of an issue in controversy in the action is a separate action. The statute makes clear that the cause remains one action, parts of which may be stayed pending completion of the arbitration.
>
> Indeed, it is a regular and accepted feature of litigation governed by the FAA that the arbitration of some issues does not sever those issues from the remainder of the lawsuit. The high court has long recognized that the FAA "requires piecemeal resolution [of related disputes in different forums] when necessary to give effect to an arbitration agreement."

---

[1] "9th Dkt-[No.]" citations refer to this Court's docket.

*Adolph*, 14 Cal. 5th at 1124-25 (citations omitted).

Moreover, the soundbites that Defendant quotes—i.e., suggesting *Viking River* requires "'an employee's own dispute' to be 'pared away from a PAGA action' and 'committed to a separate proceeding'"—are snipped solely from *Viking River*'s discussion of statutory standing, which must yield to *Adolph*. What *Viking River* actually holds is only "that the FAA preempts the rule of *Iskanian* insofar as it precludes division of PAGA actions into individual and non-individual claims through an agreement to arbitrate." *Viking River*, 142 S. Ct. at 1911.

Second, Defendant contends that *Adolph* impermissibly permits "disputes over whether an employee is 'aggrieved'—which should be sent to arbitration—[to] still be litigated in court." 9th Dkt. 35. Defendant is wrong. As *Adolph* explained in rejecting the same argument:

> [A]ny party may petition the court to confirm or vacate the arbitration award under section 1285 of the Code of Civil Procedure. If the arbitrator determines that Adolph is an aggrieved employee in the process of adjudicating his individual PAGA claim, that determination, if confirmed and reduced to a final judgment, would be binding on the court, and Adolph would continue to have standing to litigate his nonindividual claims. If the arbitrator determines that Adolph is not an aggrieved employee and the court confirms that determination and reduces it to a final judgment, the court would give effect to that finding, and Adolph could no longer prosecute his non-individual claims due to lack of standing.

*Adolph*, 14 Cal. 5th at 1123-24.

### III.　Conclusion

Plaintiff respectfully requests that the Court vacate the judgment entered in favor of Defendant. The District Court erred in compelling arbitration of private attorney general claims that the Parties agreed could not be arbitrated and thus would be litigated. And as *Adolph* confirms, the District Court also erred in dismissing non-individual PAGA claims.

　　　　　　　　　　　　　　　Sincerely,
　　　　　　　　　　　　　　　/s/ Simon L. Yang
　　　　　　　　　　　　　　　Larry W. Lee
　　　　　　　　　　　　　　　Simon L. Yang

cc:　　Jason C. Schwartz (via ECF)
　　　Michele L. Maryott (via ECF)
　　　Katie M. Magallanes (via ECF)
　　　Katherine V.A. Smith (via ECF)
　　　Bradley J. Hamburger (via ECF)
　　　Joseph R. Rose (via ECF)

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** 22-16486

I am the attorney or self-represented party.

**This brief contains** 1,580 **words,** including ____ words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

- ☉ complies with the word limit of Cir. R. 32-1.
- ○ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.
- ○ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).
- ○ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.
- ○ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
  - ☐ it is a joint brief submitted by separately represented parties.
  - ☐ a party or parties are filing a single brief in response to multiple briefs.
  - ☐ a party or parties are filing a single brief in response to a longer joint brief.
- ○ complies with the length limit designated by court order dated ____.
- ○ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** /s/ Simon L. Yang **Date** 9/11/23
*(use "s/[typed name]" to sign electronically-filed documents)*

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

**Form 8** Rev. 12/01/22